UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MONTE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:21-cv-00336-SLC |
| | ) |
| WESTFIELD INSURANCE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On July 23, 2021, Plaintiff Monte Miller sued his employer's insurer, Defendant Westfield Insurance ("Westfield"), for breach of contract, alleging that Westfield failed to compensate him after he was injured in an automobile accident while acting in the scope of his employment in July 2019. (ECF 4). On February 7, 2022, Westfield filed a motion for partial summary judgment, seeking setoffs from Miller's employer's underinsured motorist ("UIM") coverage limit of $1,000,000 for Miller's receipt of $157,686.13 in workers' compensation payments and $100,000 in settlement proceeds from the tortfeasor's insurer. (ECF 14). The Court entered an Opinion and Order on July 21, 2022, granting the motion. (ECF 30).

Now before the Court is Westfield's second motion for partial summary judgment filed on November 3, 2022 (ECF 31), together with a supporting brief (ECF 32), seeking an additional setoff of $50,000 for a subsequent payment that Miller received under a settlement agreement with his employer's workers' compensation carrier. Westfield relies on the same arguments it advanced in the first motion for partial summary judgment. (*Id.* at 2). The motion is now ripe for ruling. (ECF 32-36).

For the following reasons, the Court will DENY Westfield's second motion for partial summary judgment. Furthermore, due to a change in the law, the Court *sua sponte*

RECONSIDERS its July 21, 2022, Opinion and Order and will DENY IN PART Westfield's first motion for partial summary judgment to the extent it seeks a setoff of $157.686.13 for workers' compensation payments.[1] This Opinion and Order will AMEND and SUPERSEDE the Court's Opinion and Order dated July 21, 2022, to the extent this Opinion and Order conflicts with that ruling.

*A. Background*

In the interest of brevity, the Court will not repeat here the factual background and applicable legal standard set forth in the July 21, 2022, Opinion and Order. (ECF 30 at 2-7). As stated above, Westfield filed its second motion for partial summary judgment on November 3, 2022. (ECF 31). Miller filed a response to the second motion on November 21, 2022 (ECF 33), conceding that "under res judicata . . . [Westfield] is entitled to a set off for any and all workers compensation payments." (*Id.* at 5-6). Westfield did not file a reply, and its time to do so has passed. N.D. Ind. L.R. 56-1. Given Miller's response, the outcome of the second motion would appear straightforward.

However, while reviewing the caselaw relevant to the second motion, the Court noted for the first time two decisions by the Indiana Court of Appeals—*Erie Insurance Exchange v. Craighead*, 192 N.E.3d 195 (Ind. Ct. App. 2022), and *Kearschner v. American Family Mutual Insurance Co., S.I.*, 192 N.E.3d 946 (Ind. Ct. App. 2022)—issued on July 12 and 13, 2023, respectively, both of which are directly relevant to setoffs for workers' compensation payments as requested by Westfield in its two motions for partial summary judgment.[2] These two decisions

---

[1] The Court's ruling in the July 21, 2022, Opinion and Order granting a setoff for Miller's receipt of $100,000 from the tortfeasor's insurer, however, remains undisturbed.

[2] As stated in the Court's July 21, 2022, Opinion and Order, "[w]hen sitting in diversity, the court applies the law of the state originating the controversy, 'attempting to predict how the [state] Supreme Court would decide

2

were issued after the parties had completed their briefing on the first motion for partial summary judgment (ECF 15, 21-23), on or after the parties' oral argument on the first motion (ECF 29), and just days before the Court entered its Opinion and Order on July 21, 2022 (ECF 30).

Given the relevancy of these two decisions to the issue in the second motion for partial summary judgment, and to the Court's prior ruling granting a setoff for workers' compensation payments, the Court entered an Order citing the two decisions and setting the second motion for oral argument on March 1, 2023. (ECF 34). In the Order, the Court advised that "[c]ounsel should be PREPARED to discuss *Craighead* and *Kearschner* and the possible impact of these two cases . . . on Westfield's two motions for partial summary judgment." (*Id.* at 3). On February 22, 2023, Westfield filed an unsolicited response to the Order (ECF 35), stating that *Craighead* and *Kearschner* "speak for themselves," acknowledging the Court's authority to reconsider cases due to a change in the law, and indicating that it "will defer to the Court . . . in considering such rulings as the law controlling the case" (*id.* at 1).

At oral argument on March 1, 2023, Westfield's counsel stated that Westfield clearly recognizes that *Craighead* and *Kearschner* effectuated a change in the law and that the Court has the discretion to reopen a prior decision due to a change in the law. (ECF 36). In turn, Miller's counsel emphasized certain arguments he raised in response to Westfield's first motion for partial summary judgment, namely, that: (1) a setoff for workers' compensation benefits is against public policy and is unenforceable and unlawful, and (2) that any medical or other payments from a source other than the tortfeasor are not appropriate setoffs. (*Id.*; *see* ECF 21 at

---

the issues presented here.'" (ECF 30 at 6 (second alteration in original) (citing *Smith v. Equitable Life Assurance Soc'y of the U.S.*, 67 F.3d 611, 615 (7th Cir. 1995))). The Court further observed that "[t]hrough the parties' briefing, it is apparent that they agree Indiana law substantively applies to this dispute." (*Id.* (citing ECF 15 at 8-14; ECF 21 at 5-14)).

10-13). He asserted that *Craighead* and *Kearschner*, combined, now support these arguments and warrant denial of Westfield's two motions for partial summary judgment. (ECF 36). In reply, Westfield's counsel did not disagree with Miller's proposed outcome, only commenting that such outcome may be different if a written rejection of the UIM policy limits existed in this case, which it does not. (*Id.*); *see Craighead*, 192 N.E.3d at 200 ("[I]nsurers can only avoid the coverage by obtaining a written rejection from their insured." (citation omitted)).

## B. Analysis

Westfield asserts in its second motion for partial summary judgment that given the Court's July 21, 2022, ruling, Miller's receipt of $50,000 from a workers' compensation settlement agreement should also be set off from the $1,000,000 UIM coverage limit in his employer's insurance policy. (ECF 31 at 1-2). Westfield asserts that Miller belatedly disclosed this settlement to Westfield, and therefore, Westfield seeks partial summary judgment "premised upon the same argument and authority advanced in its" first partial summary judgment motion. (*Id.* at 2).

In granting a setoff for Miller's receipt of $157,686.13 in workers' compensation payments in its July 21, 2022, Opinion and Order, the Court concluded that "the language in the UIM endorsement clearly and unambiguously indicates that Miller's receipt of workers' compensation payments . . . are proper setoffs against the 'Limit of Insurance' applicable to the UIM Endorsement." (ECF 30 at 14).[3] The Court rejected Miller's argument asserting that the "Westfield policy clearly and unambiguously does *not* permit any setoffs . . . ." (*Id.* at 10 (quoting ECF 21 at 1)). Rather, the Court sided with Westfield's proffered interpretation of the

---

[3] Any capitalized term not defined herein shall have the meaning assigned to it in the Court's July 21, 2022, Opinion and Order. (ECF 30).

insurance policy and found that the parties had agreed to setoffs for workers' compensation payments in the insurance contract. (*Id.* at 9, 14); *see Morris v. Econ. Fir & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006) ("A contract for insurance is subject to the same rules of interpretation as are other contracts." (citation and internal quotation marks omitted)). That conclusion applies to the second motion for partial summary judgment as well.

Miller, however, made another argument in response to the first motion for partial summary judgment—that "setoffs for workers' compensation . . . should be precluded because they contravene public policy." (ECF 30 at 15-16 (citing ECF 21 at 10-13)). Specifically, he argued that 'it would go against Indiana's explicit statutory intent to deprive [him] of his full UIM-coverage when he would be unable to recover the maximum limits that he is legally entitled to." (*Id.* at 16 (alteration in original) (quoting ECF 21 at 11)).[4] The Court, relying on *Hardiman v. Governmental Interinsurance Exchange*, 588 N.E.2d 1331, 1335 (Ind. Ct. App. 1992), disagreed, concluding that the UIM coverage provision at issue did not violate public policy because its $1,000,000 limit "easily exceeds the required minimum amount of UIM coverage in Indiana as set forth in § 27-7-5-2, which is $50,000." (ECF 30 at 17); *see Justice v. Am. Fam. Mut. Ins. Co.*, 4 N.E.3d 1171, 1177 (Ind. 2014) ( "So long as the policy language comports with [Indiana] state statutes, it will control, but if it is inconsistent with those statutes, it is unenforceable." (citations omitted)).

---

[4] Indiana Code § 27-7-5-2(a) states:

> The uninsured and underinsured motorist coverages must be provided by insurers for either a single premium or for separate premiums, in limits at least equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured. However, underinsured motorist coverage must be made available in limits of not less than fifty thousand dollars ($50,000). . . . Insurers may not sell or provide underinsured motorist coverage in an amount less than fifty thousand dollars ($50,000).

5

As stated earlier, when reviewing the caselaw relevant to Westfield's second motion for partial summary judgment, the Court noted for the first time two decisions by the Indiana Court of Appeals relevant to setoffs for workers' compensation payments—*Craighead*, 192 N.E.3d 195, and *Kearschner*, 192 N.E.3d 946—issued on July 12 and 13, 2022, respectively, *after* the parties had completed their briefing on the first motion for partial summary judgment. (*See* ECF 23). As such, the cases were not before the Court during oral argument on July 12, 2022 (ECF 29), or considered by the Court when issuing its decision on the first motion for partial summary judgment just days later (ECF 30).

In *Craighead*, the Indiana Court of Appeals considered a setoff for medical payments coverage against the UIM limits in an insurance policy. 192 N.E.3d 195. The court, however, refused to enforce the setoff, finding it violated Indiana Code § 27-7-5-2. *Id.* at 200-02. The court explained that the $50,000 statutory UIM obligation "is the floor but not the ceiling, which is the amount of UIM purchased by the insured. . . . The $50,000.00 amount mentioned in Section 27-7-5-2(a) is simply the minimum UIM coverage that must be offered and nothing more." *Id.* at 201. The court elaborated:

> Keeping in mind that the goal is to guarantee that insureds are put in the position they would be in if the tortfeasor had purchased sufficient liability coverage, allowing coverage over the statutory minimum of $50,000.00 to be offset by non-liability payments would clearly be inconsistent with that goal. To the extent that *Justice*[, 4 N.E.3d 1171,] can be interpreted as allowing setoffs against UIM coverage over $50,000.00 by non-liability payments, we reject that interpretation as inconsistent with the spirit of UIM statutes and the plain language of Sections 27-7-5-2(a) and 5(c).

*Id.* at 202.

In *Kearschner*, the Indiana Court of Appeals considered a setoff for workers' compensation payments against the UIM limits in an insurance policy. 192 N.E.3d 946. Like

here, the insurance contract at issue included a setoff for workers' compensation payments. (*Id.* at 952). The court, however, refused to enforce the setoff, finding it "inconsistent with the view that the UIM [s]tatute[, Indiana Code § 27-7-5-2,] is a full-recovery, remedial statute." *Id.* at 956. In doing so, the court flatly rejected the defendant's argument that "[b]oth the Indiana Supreme Court and the [Indiana Court of Appeals] have been clear . . . that UIM policies providing for workers' compensation setoffs are permissible so long as the insured receives at least $50,000 from either the tortfeasor alone . . . or a combination of the tortfeasor and the UIM carrier." *Id.* at 956 n.6 (first and third alteration in original) (citation omitted). In doing so, the court explained that "[n]either [*Justice*, 4 N.E.3d 1171, nor *Anderson v. Indiana Insurance Co.*, 8 N.E.3d 258 (Ind. Ct. App. 2014),] addressed the UIM statutory minimum in . . . § 27-7-5-2(a) that requires an insurer to provide UIM coverage in limits at least equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless rejected in writing by the insured." *Id.* The court then concluded that "[d]epending on his damages, [the plaintiff] is entitled to the difference between his UIM policy limit of $100,000 and the $50,000 he had received from the [t]ortfeasor's insurer." *Id.* at 956 (citing *Justice*, 4 N.E.3d at 1177-79).

At oral argument on the second motion for partial summary judgment, Westfield's counsel acknowledged that *Craighead* and *Kearschner* reflect a change in Indiana law regarding setoffs for workers' compensation payments or other non-liability payments from a UIM policy limit. (ECF 36). Westfield further observed that these two decisions were issued after the parties briefed and argued Westfield's first motion for partial summary judgment. (*Id.*; *see* ECF 35). Nor does Westfield dispute that these two decisions are highly relevant to both its second motion for partial summary judgment and the Court's prior ruling on the first motion for partial summary

7

judgment. (ECF 35, 36).

"The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine." *Yates v. Dilday*, No. 09-cv-260-JPG, 2011 WL 797366, at *2 (S.D. Ill. Feb. 28, 2011) (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006)). As explained in the Court's Order setting oral argument on the second motion for partial summary judgment, "[t]he law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as . . . a change in the law that reveals the prior ruling was erroneous . . . ." (ECF 34 at 3 (quoting *Yates*, 2011 WL 797366, at *2)). Here, the Court's research in connection with Westfield's second motion for partial summary judgment revealed that the Court's prior ruling on the first motion for partial summary judgment was erroneous with respect to granting a setoff for workers' compensation payments, due to a change in Indiana law on setoffs for workers' compensation payments and other non-liability payments. *See Yates*, 2011 WL 797366, at *2 ("If subsequent briefing in connection with the pending motion to dismiss reveals a prior decision as erroneous, the Court has the discretion to change its prior ruling.").

The Court finds that the Indiana Court of Appeals's rulings in *Craighead* and *Kearschner* in July 2022 are a compelling reason to exercise its discretion to *sua sponte* RECONSIDER the Court's prior ruling on Westfield's first motion for partial summary judgment, to the extent the Court granted Westfield a setoff for Miller's receipt of workers' compensation payments in the amount of $157,686.13. The Court now finds that the setoff clause for workers' compensation payments in the UIM Endorsement of the Westfield Policy is "inconsistent with the view that the

8

UIM [s]tatute is a full-recovery, remedial statute," and thus, is "unlawful and unenforceable." *Kearschner*, 192 N.E.3d at 956. "[D]epending on his damages, [Miller] is entitled to the difference between his UIM policy limit of [$1,000,000] and the [$100,000] he received from [the] [t]ortfeasor's] insurer." *Id.* (citation omitted).

Accordingly, to the extent that Westfield seeks a setoff for workers' compensation payments in the amount of $157,686.13 in the first motion for partial summary judgment and $50,000 in the second motion for partial summary judgment, the summary judgment motions will both be denied. After allowing the setoff for the tortfeasor settlement, the remaining UIM coverage limit available to Miller is $900,000.

## C. Conclusion

For the foregoing reasons, the second motion for partial summary judgment (ECF 31) filed by Westfield seeking a $50,000 setoff for Miller's receipt of a workers' compensation settlement is DENIED.

Further, the Court *sua sponte* RECONSIDERS its Opinion and Order dated July 21, 2022 (ECF 30) and GRANTS IN PART and DENIES IN PART Westfield's first motion for partial summary judgment (ECF 14). The first motion is GRANTED to the extent it seeks a setoff for Miller's receipt of $100,000 in settlement proceeds from the tortfeasor's insurer, but is DENIED to the extent it seeks a setoff for Miller's receipt of $157,686.13 in workers' compensation payments. As a matter of law, Miller's receipt of $100,000 in settlement proceeds from the tortfeasor's insurer is a proper setoff from the $1,000,000 UIM coverage limit in the Westfield Policy, leaving $900,000 in available UIM coverage. To the extent this Opinion and Order conflicts with the Court's Opinion and Order dated July 21, 2022 (ECF 30), this Opinion and

9

Order AMENDS and SUPERSEDES the Court's July 21, 2022, ruling.

    SO ORDERED.

    Entered this 6th day of April 2023.

                                            /s/ Susan Collins  
                                            Susan Collins  
                                            United States Magistrate Judge